THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
MIGUEL FIGUEROA, Defendant and Appellant.

No. 5757.  Argued November 12, 1935.—Decided January 31, 1936.

*Harry F. Besosa* for appellant.  *Luis Janer, Assistant Prosecuting
Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This cause was commenced by an information which was
filed on December 5, 1932, by the District Attorney of Ba-
yamón, and which, copied literally in its pertinent part, reads
as follows:

"The District Attorney files this information against Miguel Fi-
gueroa, charging him with the crime of assault with intent to murder,
a felony, committed in the following manner:

"On or about the night of October 5, 1932, and at the corner of Nemesio Canales and Muñoz Rivera Streets, in Vega Alta, P. R., the said defendant Miguel Figueroa, unlawfully, wilfully, and with malice aforethought assaulted with a rifle Rafael Ramírez, a human being, firing a shot at him with the intent to kill him, and causing him a severe bullet wound.

"This act is contrary to the law for such cases made and provided and against the peace and dignity of 'The People of Puerto Rico.' "

The accused pleaded not guilty and he was tried by a jury which, on October 4, 1933, found him guilty of the offense charged. Six days afterward he appeared in open court to be sentenced. The court properly informed him of the proceedings and asked him whether he had anything to say why sentence should not be pronounced upon him. He made no objection, and the court sentenced him to one year and six months' imprisonment in the penitentiary at hard labor.

On the same day, October 10, 1933, the defendant took an appeal to the Supreme Court. He made timely application for the transcript of the evidence and the court, on October 16, 1933, ordered that the same be prepared by the stenographer, free of charge, as defendant was insolvent. Several extensions of time for filing the transcript were requested and granted, until finally the court, on September 22, 1934, denied an extension requested by motion filed on the 13th of that month. The defendant then moved for a reconsideration of that decision on the ground that the stenographer was absent from the island, and stated the steps taken. The court heard the parties, and on the 11th of the following October, it granted the reconsideration sought and authorized the extension: thirty days counted from October 14, 1934.

Then follows in the record a motion entitled "Statement of facts proved and statement of the case," which, unlike the other documents, bears no filing mark, and which ends as follows:

"Wherefore it is prayed that this Hon. Court approve this stipulation and consider the foregoing recitals as a true and correct

statement of the facts proved in this case.—Bayamón, P. R., October 24, 1934, Harry F. Besosa, Attorney for the defendant.—Enrique Ponsa Parés, District Attorney of Bayamón, P. R.''

Next follows a court order of November 20, 1934, wherein the orders of September 22 and October 11 are transcribed and a decision is made upon a motion of November 7, praying that the judgment be vacated, that the case be reopened for a new trial, and that in the meantime a new extension of thirty days be granted.

''The defendant, in short, bases his motion,'' says the court, ''upon the fact that his attorney prepared a stipulation of the facts proved and a statement of the case 'to be presented to the District Attorney,' and that when the document was presented to said officer, the latter promised to examine said stipulation but failed to do so, for which reason 'as the attorney for the defendant has exhausted all the remedies open to him in order to obtain the transcript of the evidence or to enter into a stipulation with the district attorney regarding the facts proved and a statement of the case, and as all his efforts have been proved of no avail, it is absolutely impossible for the undersigned attorney to perfect the appeal. . . .'

''In accordance with the request made by the defendant and granted by the order of October 11, he obtained a last and final extension of 30 days to file his draft of a statement of the case.

''The defendant has not filed his draft of a statement of the case with the clerk of this court so that said draft, upon being timely filed, should follow the procedure fixed by law. It is alleged that a stipulation of facts was prepared 'to be presented to the District Attorney'; but such draft of a stipulation does not bind this court nor is it a proper method of procedure under our penal statutes. The defendant must file with the clerk his draft of a statement of the case, and he must notify the same to the district attorney, who can present such amendments as he may deem proper.

"The motion for an extension of time is denied; and the motion for a new trial is set for hearing on Friday, November 30, at 9 a. m."

Then follows a motion to postpone the hearing set for November 30 which was granted; and the transcript ends with a copy of the order of the court of February 7, 1935, denying a new trial, which reads in part as follows:

"From defendant's petition itself it appears that he prepared a statement of the case to be presented, as he did present it, to the district attorney, and that the district attorney informed him that he was preparing a statement of the case which he would forward in a few days. The draft of a statement of the case prepared by the defendant, as he claims, was never filed with the clerk of this court in order that said draft, if timely filed, should follow the procedure fixed by law. The defendant alleges that he prepared a stipulation of the facts 'to be presented to the district attorney,' but the draft thereof was not filed in this court. It is incumbent on the defendant to file with the clerk his draft of a statement of the case, after notifying the same to the district attorney, who shall present such amendments as he may deem proper, and at this stage of the proceedings the court sets a day to hear the parties and to approve the draft of a statement of the case. We find no grounds for granting the request of the defendant, as the same is set forth in his aforesaid motion of November 7, 1934.

"The new trial sought must be denied."

The transcript was certified by the clerk of the district court on May 20, 1935. It was filed the following day with the Secretary of this Supreme Court.

Seven days afterward, there was sent up to this court another certificate of the clerk of the district court which contained copies of the following documents:

(a) A motion filed by the defendant on January 30, 1933, requesting a continuance of the trial on the following grounds: "2. Because the information in this case is based on certain facts which occurred at a time when the said defendant, Miguel Figueroa, was in active service as a private of the

National Guard of Puerto Rico and on sentry duty as such member of the National Guard of Puerto Rico. 3. That in accordance with the Military Code of Puerto Rico, approved in the year 1917, every member of the National Guard of Puerto Rico is entitled to request the appointment of an attorney to defend him. . . 4. That in accordance with said Military Code, the said soldier, Miguel Figueroa, has requested, through military channels, the appointment of Major Harry F. Besosa, who is Judge Advocate of the Staff of the National Guard of Puerto Rico, as his counsel. 5. That pursuant to such request, the Honorable James R. Beverley, Governor of Puerto Rico, acting through John A. Wilson, Adjutant General, appointed the said Major Harry F. Besosa to act as counsel for the defendant. . . . 6. That, as the aforesaid Major Harry F. Besosa is at present the U. S. District Attorney for the District of Puerto Rico, . . . it has become necessary for him to request permission from the Attorney General of the United States to act as such counsel . . . which permission has already been requested. . . . 7. That as said permission has not yet been received and the trial is set for February 1, the said soldier Miguel Figueroa will not be prepared for trial, nor will his defense be ready, until the above-mentioned permission shall have been received.''

(b) The special order of the Adjutant General of the National Guard of Puerto Rico appointing Major Harry F. Besosa as counsel for the defendant.

(c) The notice of appearance of the latter presented to the court in order that he be recognized as such counsel.

(d) The motion for a new trial of November 6, 1934.

(e) A letter from the stenographer who acted at the trial, dated at Houston, Texas, on November 11, 1934, and addresed to counsel for the defendant, stating the difficulties encountered by him in preparing the transcript of his stenographic notes which he did not have in his possession.

(f) A notice of appeal from "the orders of November 20, 1934, and of February 7, 1935, respectively denying another extension of time and refusing to grant a new trial."

(g) The special orders of September 27, and of October 6, 1932, which were respectively signed by John A. Wilson, Adjutant General, by order of the Governor, and by Rafael Rodríguez, Captain 285th Infantry, Adjutant, by order of Colonel Esteves, the former relating to the designation of several units of the National Guard of Puerto Rico to aid the Insular Police in protecting property and maintaining order in the present emergency (San Ciprián cyclone) and the latter relating to the detail of four soldiers from Company K of Infantry batallion 295 to assist the police in maintaining order and protecting property in Vega Alta.

The foregoing documents constitute the entire certified record in this case. The appellant in his brief assigns the following errors:

1. Lack of jurisdiction on the part of the district court to try and sentence the defendant, because, as the latter was a private in the National Guard of Puerto Rico mobilized by the Governor, in active service and on sentry duty at the time he committed the act charged against him, he was a public officer of the People of Puerto Rico and as such he could only be prosecuted by indictment of a grand jury.

2. Error in permitting a jury composed of members of the regular panel which included the injured party to try the cause.

3. Error in denying the motion for an extension of time to perfect the appeal such denial being based on the ground, among others, that the defendant had not been diligent.

4. Error in denying the motion for an extension of time to perfect the appeal on this case, such denial being based on the ground, among others, that the defendant had failed to present in the office of the clerk a statement of the case.

5. Error in denying the motion for a new trial.

■ In the record there is no basis to decide the first error assigned. The information charges the crime as having been committed by a civilian. The latter, on being arraigned confined himself to the entry of a plea of not guilty. There is nothing to show that the question was raised during the trial. The defendant said nothing when he was called to be sentenced.

It is here, in the Supreme Court, that the question is raised for the first time, and it is urged that from the documents included in the second certification by the clerk it appears that the defendant was a member of the National Guard of Puerto Rico. Even conceding that this be so, since it does not appear that the act charged was done in the performance of his duties as such member, the case falls within the doctrine laid down in *Méndez* v. *District Court,* 44 P.R.R. 520, thus:

"Assuming, without deciding, that members of the National Guard, while on active duty by order of the Governor, may be considered public officers in the sense that offenses committed by them should be prosecuted by indictment of the Grand Jury, where it does not appear from the petition for a writ of certiorari to review the action of a district court in taking jurisdiction of the prosecution against members of said organization not indicted by the Grand Jury, that the offense charged by the district attorney accuses them by reason of acts done in the performance of their duties, the writ sought does not lie."

, If the stipulation of facts included in the transcript could be considered, perhaps there might be a basis to decide one way or another the question above referred to; but this document was not approved by the court, and although it bears the typewritten signature of the district attorney, it does not appear that the district attorney actually signed it, on the contrary, from the very motion of the accused requesting a new trial it is inferred that the district attorney never gave his consent. The document therefore lacks authenticity and can not be taken into consideration by this court in order to base any conclusion thereon.

■ The second error assigned is nonexistent. Assuming it to be an established fact that the injured party was included in the panel from which the trial jury was drawn, this would not annul the proceedings had. It is not asserted that such person was a member of the jury which tried the case and rendered the verdict of guilty.

■ The assertion made in the fourth assignment of error to the effect that a statement of the case had been timely filed and notified to the district attorney, is not supported by the record. As to the diligence mentioned in the third and fifth assignments of error, the fact is that even if the abnormal situation created by the absence of the stenographer who intervened in the case be taken into consideration, it can not be said that such diligence existed. The very stipulation of facts to which we have already referred reveals that the defendant had at his disposal the necessary means to prepare a statement of the case in accordance with the law and that he failed to do so. In fairness to the trial court, we can not hold that it abused its discretion in denying the last extension requested by the appellant and in refusing to grant a new trial.

The judgment and orders appealed from must be affirmed.